## FLOWERS et al. v. LEAHY.

### No. 8827.

Court of Civil Appeals of Texas. San Antonio.

April 27, 1932.

Rehearing Denied May 25, 1932.

Douglas & Black, of San Antonio, and J. R. Sanford, of Eagle Pass, for plaintiffs in error.

David E. Hume, of Eagle Pass, for defendant in error.

FLY, C. J.

D. P. Leahy sued Dilley Flowers and Armstrong Flowers to recover $3,585.30 as commissions earned by him in obtaining a purchaser for lands belonging to plaintiffs in error. The cause was submitted to a jury on six special issues, and upon the answers thereto judgment was rendered in favor of defendant in error for the amount of his claim.

The jury found that the plaintiffs in error made the contract with defendant in error to pay him 5 per cent. commission on a purchase, secured by defendant, of 8,436 acres of land at $8.50 an acre; that defendant in error obtained a purchaser able, ready, and willing to purchase the land on the terms fixed by plaintiffs in error. The land was never withdrawn from the hands of defendant in error before he obtained a purchaser therefor under the terms of the contract. The facts sustained the findings of the jury.

The court did not err in excluding the testimony of Charles Goebler to the effect that he would have required an abstract of title before closing the trade. Plaintiffs in error did not refuse to carry out their contract because an abstract of title was demanded, for it was not demanded, and the fact that the prospective purchaser would demand an abstract of title had no pertinency to the case. The question of an abstract of title was not mentioned when the contract was made with defendant in error, and the prospective purchaser had the right to demand a good title to the land, and that could only be ascertained by an abstract of title. Whether the abstract was mentioned or not, it impliedly entered into and became a part of the undertaking on the part of the vendor of the land. Plaintiff in error did not breach the contract because it was not mentioned until the prospective buyer was asked about it on the trial of this case. The evidence was properly excluded.

There is no merit in this writ of error, and the judgment will be affirmed.